UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUSTIN BONNER,<br>    Plaintiff,<br><br>    v.<br><br>BARONE, et al.,<br>    Defendant. | No. 3:21-cv-811 (SRU) |

**RULING AND ORDER**

Plaintiff, Justin Bonner ("Bonner"), currently confined at Garner Correctional Institution in Newtown, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 against six defendants: Warden Barone, Captain Flemmings, Counselor Jahic, Lieutenant Dwane Harmon, Correctional Officer Bauza, and Correctional Officer Jane Doe. After initial review, the remaining claims were Eighth Amendment claims for failure to protect against defendants Flemmings, Harmon, and Doe in their individual capacities and a state law negligence claim against defendant Harmon in his individual capacity. *See* Doc. No. 12 at 11. Because the defendants were named in their individual capacities only, I dismissed Bonner's request for injunctive relief. *See id.*

On November 29, 2021, I granted Bonner's motion to file an amended complaint. The amended complaint asserts the same claims as the original complaint but names the defendants in both individual and official capacities. The filing of the amended complaint reasserting the failure to protect claims against Warden Barone, Counselor Jahic, and Officer Bauza does not alter the fact that those claims and the request for declaratory relief were dismissed. *Id.* at 7 (dismissing the claim against Counselor Jahic for insufficient evidence of deliberate disregard); *id.* at 8 (dismissing the claim against Officer Bauza for insufficient allegations of evil

intent, recklessness, or deliberate indifference); *id.* at 9 (dismissing the claim against Warden Baron for insufficient evidence of personal awareness and disregard rising to the level sufficient for supervisory liability).  However, because I dismissed the request for injunctive relief because Bonner had named the defendants in individual capacity only, the request for injunctive relief may now proceed.

Bonner seeks leave to file a second amended complaint to assert his claims against the defendants in their individual and official capacities.  However, he clearly states in the amended complaint that, "defendants . . . are all being sued in their individual capacities and official capacities."  Doc. No. 23 at 3 ¶ 10.  Thus, amendment to assert claims against the defendants in their official capacities is not necessary.  Bonner's motion to amend is denied.

Bonner seeks a pretrial settlement conference in this case.  In his motion, however, he does not indicate that the defendants are amenable to settlement discussions at this time.  Bonner's motion for settlement conference is denied without prejudice to refiling if both parties are interested in pursuing settlement discussions.

Finally, Bonner states that defendant Doe is Brenda Santana and asks the court to effectuate service on her.  Bonner's motion is granted.

In conclusion, Bonner's motion for pretrial settlement conference [**Doc. No. 25**] is **denied** without prejudice, his motion to amend [**Doc. No. 26**] is **denied** as moot, and his motion for service [**Doc. No. 27**] is **granted**.

The Clerk shall verify the current work addresses for defendant Santana with the Department of Correction officer of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and this Order to her at the address provided within twenty-one days of this Order, and report to the court on the status of the waiver request on the thirty-fifth

day after mailing. If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshal Service on the defendant in her individual capacity and the defendant shall be required to pay the cost for such service.

The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the amended complaint on defendant Flemmings, Harmon, and Santana in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, within twenty-one (21) days from the date of this order and to file a return of service within thirty (30) days from the date of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of March 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge